RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4770-15T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

v.

D.J.,

 Defendant-Appellant.
__________________________________

IN THE MATTER OF THE GUARDIANSHIP
OF K.J., a minor.
__________________________________

 Submitted May 2, 2017 – Decided May 18, 2017

 Before Judges Koblitz, Rothstadt and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Ocean County,
 Docket No. FG-15-10-15.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Joseph F. Kunicki, Designated
 Counsel, on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Melissa Dutton-
 Schaffer, Assistant Attorney General, of
 counsel; Daniel Pierre, Deputy Attorney
 General, on the brief).
 Joseph E. Krakora, Public Defender, Law
 Guardian, attorney for minor (Joseph H. Ruiz,
 Designated Counsel, on the brief).

PER CURIAM

 Defendant D.J. appeals from a June 23, 2016 Family Part order

terminating his parental rights to his son K.J., who was five

years old at the time of the guardianship trial. We affirm,

substantially for the reasons stated by Judge Therese A. Cunningham

in her thirty-one page written opinion issued with the order.

 The evidence is outlined in detail in the judge's opinion.

A summary will suffice here. K.J. was born in 2011 to a mother

who was addicted to drugs and who passed away in 2015. The newborn

had withdrawal symptoms at birth, and was transferred to a

specialized children's hospital where he stayed for approximately

six weeks. D.J. initially denied paternity until a paternity test

administered when K.J. was two and one-half years old demonstrated

he was in fact the father. Defendant was incarcerated at times

during the litigation and only complied sporadically with

scheduled dates for evaluations and court hearings. He was present

for the third and final trial day only, explaining he had been

confused about the first two dates.

 Defendant has a lengthy criminal and domestic violence

history. He was confrontational and hostile toward the Division

workers. He did not visit his son regularly. At the time of

 2 A-4770-15T1
trial, defendant had only seen his son twice during the prior

year, once for the bonding evaluation. The bonding evaluator

found defendant's bond with his son was "weak." Defendant did not

have a stable home or job. The Division placed K.J. with

relatives, but the placement did not work out. At the time of

trial, K.J. was in his sixth placement, and this placement had

lasted for two years. His resource parents wished to adopt him

and the Division's expert opined that a secure bond was forming

between them and K.J. at the time of the bonding evaluation.

 In her comprehensive opinion, Judge Cunningham found that the

Division had proven all four prongs of the best interests test,

N.J.S.A. 30:4C-15.1(a), and that termination of defendant's

parental rights was in the child's best interests. On this appeal,

our review of the trial judge's decision is limited. We defer to

her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J.

394, 412 (1998), and we are bound by her factual findings so long

as they are supported by sufficient credible evidence. N.J. Div.

of Youth & Family Servs. v. M.M., 189 N.J. 261, 269 (2007) (citing

In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div.

1993)). After reviewing the record, we conclude that the trial

judge's factual findings are fully supported by the record and,

in light of those facts, her legal conclusions are unassailable.

 3 A-4770-15T1
 Defendant contends that the trial judge erred in her analysis

because he never specifically harmed K.J. "directly," did not

produce positive drug tests for two years, and attended some

services. Those arguments are without sufficient merit to warrant

discussion in a written opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 4 A-4770-15T1